UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPEN DOOR MARKETING, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-04080-KAW<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 124 |

Presently, Defendants Open Door Marketing, LLC ("ODM"), Larry Clark, and Jerrimy Farris are represented by Sohn Legal Group, P.C. ("SLG"). On November 29, 2016, SLG moved to withdraw. (Mot., Dkt. No. 124.) SLG states that Defendant ODM has ceased its operations, and is no longer able to pay the legal fees for itself, Clark, and Farris. (Mot. at 1.) Defendants ODM, Clark, and Farris then decided to terminate the attorney-client relationship with SLG and to represent themselves in this action, instructing SLG to file the instant motion to withdraw. (*Id.* at 1-2.) In support of this motion, Defendants Clark and Farris have filed declarations to this effect. (Farris Decl. ¶¶ 3-5, Dkt. No. 124-2; Clark Decl. ¶¶ 3-5, Dkt. No. 124-3.) Defendant Clark, who is the president of ODM, also acknowledges that while he is terminating ODM's attorney-client relationship with SLG, he cannot represent ODM because he is not a licensed attorney. (Clark Decl. ¶ 4.)

Having reviewed the papers filed by SLG and the relevant legal authority, the Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and GRANTS the motion to withdraw. Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules

1  further provide that if the client does not consent to the withdrawal and no substitution of counsel
2  is filed, leave to withdraw may be granted on the condition that all papers from the court and from
3  the opposing party shall continue to be served on that party's current counsel for forwarding
4  purposes until the client appears by other counsel or pro se if the client is not a corporate entity.
5  Civil L.R. 11-5(b). "Any filed consent by the party to counsel's withdrawal under these
6  circumstances must include acknowledgment of this condition." *Id.*

7  Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v.*
8  *Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to
9  attorney withdrawal). Under California Rule of Professional Conduct 3-700(C), an attorney may
10 request permission to withdraw if "[t]he client knowingly and freely assents to termination of the
11 employment." Cal. Rules of Prof'l Conduct R. 3-700(C)(5). The Court has discretion regarding
12 whether to grant a motion to withdraw, and an attorney's request to withdraw should be denied
13 "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong*
14 *v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (no
15 prejudice or undue delay to client where counsel provided sufficient notice of its intent to
16 withdraw and where no trial date had yet been set in the case).

17 Here, the Court finds that good cause exists to grant the motion to withdraw. Defendants
18 ODM, Clark, and Farris have attested that they are unable to pay legal fees, and have therefore
19 decided to terminate their attorney-client relationship with SLG. (Farris Decl. ¶¶ 3-5; Clark Decl.
20 ¶¶ 3-5.) Defendants Clark and Farris state their intent to represent themselves in this litigation,
21 and Defendant Clark acknowledges that although he is also terminating ODM's attorney-client
22 relationship with SLG, he will not be able to represent the corporate entity. (Farris Decl. ¶ 4,
23 Clark Decl. ¶ 4.) Further, no objections to the motion to withdraw have been filed. Prior to filing
24 the motion, SLG e-mailed Clark, Farris, and counsel for the other parties in this case, notifying
25 them of its intent to withdraw. (Sohn Decl. ¶ 6, Dkt. No. 124-1.) SLG received no objections
26 from any party, and no opposition to the motion to withdraw has been filed. (Sohn Decl. ¶ 7.)
27 Finally, there is no showing that withdrawal would work an injustice or cause undue delay, as the
28 court has not yet entered an order setting a trial date and related case management deadlines.

1    Accordingly, counsel's motion to withdraw is granted, and SLG is relieved as counsel of
2 record.  Defendants Farris and Clark have filed declarations acknowledging Civil Local Rule 11-
3 5(b)'s condition that papers may continue to be served on counsel for forwarding purposes, but
4 state that they would prefer to be directly served all papers and pleadings in this litigation.  (Farris
5 Decl. ¶ 6; Clark Decl. ¶ 6.)  In light of this stated preference, the Court will not require that parties
6 continue to serve papers on SLG for forwarding purposes, but shall serve the Defendants directly.
7 Papers for Defendant ODM shall be served on Defendant Clark, its president and agent of service.
8 (Clark Decl. ¶ 1; *see also Business Entity Records for Open Door Marketing LLC*, ALABAMA
9 SECRETARY OF STATE – BUSINESS ENTITY SEARCH BY ENTITY NAME, http://arc-
10 sos.state.al.us/CGI/CORPNAME.MBR/INPUT (search "Open Marketing LLC") (last visited Jan.
11 6, 2017).)

    IT IS SO ORDERED.

Dated: January 10, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge