UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN DOOR MARKETING, LLC, et al.,<br><br>Defendants. | Case No. 15-cv-04080-KAW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 171 |

Plaintiffs Shikwana Jennings and Lisa Drake filed the instant suit against Defendants 20/20 Communications, Inc. ("20/20"), Open Door Marketing, LLC ("Open Door"), Larry Clark, and Jerrimy Farris, alleging violations of the Fair Labor Standards Act ("FLSA") and various California labor laws. (Third Amended Compl. ("TAC") ¶¶ 1-2, Dkt. No. 97.) Pending before the Court is Plaintiffs' motion for leave to file a fourth amended complaint. (Plfs.' Mot., Dkt. No. 171-1.) Plaintiffs' motion seeks to add waiting time penalties, and to amend the proposed class and collective action definitions. (*Id.* at 1.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion for leave to file a fourth amended complaint.

## I. BACKGROUND

Plaintiffs Jennings and Drake previously worked for Defendants "to promote free cell phones and wireless service plans for low-income individuals who meet the plans' requirements." (TAC ¶ 1.) Plaintiffs allege that they were misclassified as independent contractors, resulting in Defendants failing to pay them minimum wage, overtime, and expenses, as well as providing itemized wage statements. (TAC ¶ 2.) On this basis, Plaintiffs filed the instant action on

September 8, 2015. (Compl., Dkt. No. 1.) Plaintiffs filed the operative complaint on May 12, 2016, asserting claims for: (1) failure to pay minimum wage in violation of the FLSA; (2) failure to pay overtime in violation of the FLSA; (3) failure to pay minimum wage and overtime in violation of the California Labor Code; (4) failure to provide workers with itemized wage statements in violation of California Labor Code § 226; (5) failure to reimburse workers for expenses in violation of California Labor Code § 2802; (6) unlawful business practices in violation of California Business & Professions Code § 17200; and (7) penalties under the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq.*[1] (TAC ¶¶ 25-53.)

After Plaintiffs filed their operative third amended complaint, the parties stipulated to the issuance of notice to all individuals who worked for Open Door "as independent contractors marketing free cell phones and wireless service plans to potential consumers face-to-face in Nevada and California from October 2014 to the present" who have not entered into an arbitration agreement with either Open Door or 20/20. (Dkt. No. 104 at 2.) The parties agreed to participate in a full-day private mediation, and that the case would be stayed in its entirety in the interim. (*Id.* at 3.) On June 28, 2016, the Court granted the stipulation and stayed the case. (Dkt. No. 107.) The case did not settle, and on December 19, 2016, the Court lifted the stay. (Dkt. No. 127.)

On February 21, 2017, the Court held a case management conference with the parties, and specially set a hearing on March 30, 2017 to hear Plaintiffs' motion to expand the scope of the collective action, as well as 20/20's motion to deny class certification and motion for judgment on the pleadings as to Plaintiffs' PAGA claim. At the March 30, 2017 hearing, Plaintiffs raised the possibility of filing a fourth amended complaint in order to assert waiting time penalties. (*See* Dkt. No. 164.) The Court directed Plaintiffs to file a motion. (*Id.*)

On April 14, 2017, Plaintiffs moved to file a fourth amended complaint to add the waiting time penalties and modify the proposed class and collective action definitions. (Plfs.' Mot. at 1 n.1.) On April 27, 2017, Defendant 20/20 filed their opposition to Plaintiffs' motion. (Def.'s Opp'n, Dkt. No. 176.) That same day, the Court filed its order on the motions heard on March 30,

---

[1] Jennings asserts the PAGA claim on behalf of Defendants' California workers. (TAC ¶¶ 50-52.)

2

2017. First, with respect to 20/20's motion to deny class certification, the Court held that Plaintiffs could not satisfy Rule 23's typicality prerequisite as to a class that includes individuals who signed the 20/20 arbitration agreement. (Dkt. No. 178 at 15-16.) Thus, to the extent the proposed class included such individuals, the motion to deny class certification was granted. As to individuals who only signed the Open Door arbitration agreement, the motion to deny class certification was denied because 20/20 lacked an interest to enforce or rely on the Open Door agreement. (*Id.* at 16.) Second, with respect to Plaintiffs' motion to expand the collective action, the Court permitted notice of the collective action to go to individuals in California who signed arbitration agreements, but not to individuals in Nevada. (*Id.* at 25-26.) Finally, the Court denied 20/20's motion for judgment on the pleadings in its entirety.

On May 4, 2017, Plaintiffs filed their reply brief. (Plfs.' Reply, Dkt. No. 179.) Plaintiffs also attached a revised fourth amended complaint, which modified the proposed class and collective action definitions to be consistent with the Courts' April 27, 2017 order. (Plfs.' Reply at 2 n.2; *id.*, Exh. A ¶¶ 3, 29.) On May 5, 2017, the Court requested supplemental briefing on whether Plaintiffs have provided the required PAGA notice on the waiting time penalties. (Dkt. No. 180.) On May 9, 2017, Plaintiffs responded to the Court's request for supplemental briefing, stating that they had not intended to bring a PAGA claim for waiting time penalties, and that the reference to waiting time penalties under PAGA was inadvertent. (Dkt. No. 181 at 1.) Plaintiffs thus provided a further revised fourth amended complaint, removing the reference to waiting time penalties in their PAGA claim. (Dkt. No. 181, Exh. A ¶ 53.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The courts consider five factors when determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Not all factors carry equal weight. *Eminence*

*Capital, LLC*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

### III. ANALYSIS

The parties' primary dispute is whether Plaintiffs have unduly delayed in moving to amend the complaint to add the waiting time penalties claim. (Def.'s Opp'n at 3-5; Plfs.' Reply at 2-5.) Defendant 20/20 does not otherwise identify any bad faith, prejudice, or futility[2] with respect to the proposed amendments.

In deciding whether there was undue delay, the Court looks at "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). As applied in the instant case, Plaintiffs have unduly delayed in adding the waiting time penalty claim, which Plaintiffs acknowledge is "based on the same legal theories as all other claims brought under the California Labor Code, which were asserted in the Third Amended Complaint." (Plfs.' Mot. at 4.) Further, Plaintiffs have alleged since the initial pleading that they were not paid minimum wage or overtime under California law, and these claims form the basis of the waiting time penalty claims. (*Id.* "[i]f Plaintiffs prevail on these claims, then they are also entitled to significant damages resulting from waiting time penalties").) Thus, Plaintiffs could have brought their claims for waiting time penalties in their original complaint, filed back in September 2015, yet waited for over a year to do so.

Although the Court finds there was undue delay, the Court will still allow Plaintiffs to amend their complaint to add the waiting time penalties claim and modify the class and collective action definitions. The Ninth Circuit has been clear that "delay, by itself, is insufficient to justify

---

[2] Defendant 20/20 did argue that Plaintiffs' request to amend the class and collective action definitions may be futile, based on how the Court ruled on 20/20's motion to deny class certification and Plaintiffs' motion to expand the collective action. (Def.'s Opp'n at 5-6.) The Court has since ruled on these motions, and Plaintiffs have modified the proposed collective action and class definitions to be consistent with the Courts' ruling. (*See* Plfs.' Reply at 2 n.2.) Thus, Defendant's arguments concerning futility have been addressed, and are no longer at issue.

4

denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (finding that a motion to amend should have been granted where there was no showing of prejudice, even though "it is true that the motion was made five years after the third party complaint had been filed [because] we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"). Thus, "where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey*, 481 F.2d at 1190-91; *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"). Applying this principle, courts in this district have granted leave to amend under Rule 15, even where the courts found undue delay. *E.g.*, *Artemus v. Louie*, Case No. 16-cv-626-JSC, 2017 WL 747368, at *5 (N.D. Cal. Feb. 27, 2017) (where there was no showing of prejudice, futility, or bad faith, "[a]s delay alone does not provide sufficient grounds for denying leave to amend, the motion to amend must be granted"); *Pimental v. City of Hayward*, Case No. 14-cv-4706-JCS, 2016 WL 5930577, at *6 (giving leave to amend despite finding undue delay because the court did not find prejudice or bad faith) (N.D. Cal. Oct. 12, 2016); *Asante v. Cal. Dep't of Health Care Servs.*, Case No. 14-cv-3226, 2016 WL 5462345, at *2-3 (N.D. Cal. Sept. 28, 2016) (same).

The cases cited by Defendant 20/20 are not to the contrary. In *AmerisourceBergen*, the Ninth Circuit not only found undue delay, but prejudice because allowing the plaintiff to amend the complaint "would have unfairly imposed potentially high, additional litigation costs on [the defendant] that could have easily been avoided had [the plaintiff] pursued its 'tainted product' theory in its original complaint or reply." 465 F.3d at 953. Similarly, in *Royal Insurance Co. of America v. Southwest Marine*, the plaintiff was seeking to amend the complaint by "reassert[ing] an old theory of liability based on previously-known facts" *after* the district court had already dismissed its claims on summary judgment. 194 F.3d 1009, 1017 (9th Cir. 1999). Thus, both cases involved something in addition to undue delay, such as prejudice.

The Court, therefore, concludes that although Plaintiffs unduly delayed in seeking to add

5

the waiting time penalties, this delay alone does not warrant denial of Plaintiffs' motion to add these claims because Defendant 20/20 has not identified any prejudice, bad faith, or futility.[3] As for Defendant 20/20's request that the Court condition granting of the instant motion on prohibiting further amendments to the complaint to add additional claims, Defendant 20/20 cites no examples of a court imposing such conditions. The Court therefore declines to impose such a requirement.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion to file a fourth amended complaint. Plaintiffs are directed to file their proposed fourth amended complaint, which should be consistent with Exhibit A of the supplemental briefing, on the docket as a separate entry.

IT IS SO ORDERED.

Dated: June 20, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] Further, as Plaintiffs point out, Plaintiff Jennings could still bring a separate case asserting waiting time penalties because the statute of limitations has not yet expired. (Plfs.' Mot. at 1 n.2.) Filing a separate case that would then have to be related to the instant case would be an inefficient use of the Court's and the parties' resources.