United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN DOOR MARKETING, LLC, et al.,<br><br>Defendants. | Case No. 15-cv-04080-KAW<br><br>**ORDER REGARDING PROPOSED NOTICE TO EXPANDED CERTIFIED COLLECTIVE**<br><br>Re: Dkt. No. 189 |

On April 27, 2017, the Court granted in part and denied in part Plaintiffs' motion to expand the collective action to include individuals who signed an arbitration agreement, limiting the expansion to individuals in California. (Dkt. No. 178 at 25.) The parties were ordered to meet and confer on an appropriate notice for these individuals. (*Id.* at 25-26.) On May 19, 2017, the parties stipulated to the form of the notice, but stated that they had disputes regarding the notice process. (Dkt. No. 184 at 3.) The Court directed the parties to submit a joint letter brief on the two remaining disputes. (Dkt. No. 185.)

On June 2, 2017, the parties filed their joint letter identifying two disputes. (Dkt. No. 189 ("Joint Letter").) First, the parties dispute whether Plaintiffs should be required to hire a third party administrator to administer the notice to the expanded collective action. (*Id.* at 1.) Second, the parties dispute whether Plaintiffs should be permitted to send a reminder notice. (*Id.*)

With respect to the third party administrator, the Court will allow Plaintiffs to send the notice to the expanded collective action, rather than require Plaintiffs to hire an administrator. Courts in this district have permitted the plaintiffs' counsel to send such notices, recognizing that "[o]rdering a third-party administrator will add to Plaintiffs' financial burden." *Stanfield v. First NLC Fin. Servs., LLC*, No. C 06-3892 SBA, 2006 WL 3190527, at *6 (N.D. Cal. Nov. 1, 2006);

*Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1207 (N.D. Cal. 2013) ("Requiring a third-party administrator here would drive up Plaintiffs' costs"). Indeed, the parties in the instant case previously stipulated to having Plaintiffs' counsel issue notice of this action to the original collective action. (*See* Dkt. No. 107 ¶ 2.)

In allowing Plaintiffs' counsel to send the notice, the Court acknowledges Defendants' concerns based on Plaintiffs' prior sending of the unauthorized reminder notice and the alteration of the Court-authorized notice.[1] (Joint Letter at 3-4.) For that reason, the Court cautions Plaintiffs that they may not unilaterally alter the notice to the collective action in **any** way, unless they have obtained approval from Defendants and/or the Court. Failure to comply may result in the Court requiring future notices to be sent by a third-party administrator.

As to the reminder notice, the Court will permit Plaintiffs to send a reminder notice. Multiple courts in this Circuit have allowed reminder notices to be sent. *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (rejecting argument that a reminder would be "harassing," and finding that the sending or a reminder was appropriate "[p]articularly since the FLSA requires an opt-in procedure"); *Sanchez v. Sephora USA, Inc.*, No. 11-cv-3396-SBA, 2012 WL 2945753, at *7 (N.D. Ca. July 18, 2012) (rejecting argument that a reminder notice will be interpreted as encouragement by the Court to join the suit, and authorizing a reminder notice); *Benedict v. Hewlett-Packard Co.*, Case No. 13-cv-119-LHK, 2014 WL 587135 at *14 (N.D. Cal. Feb. 13, 2014) (recognizing that "courts commonly approve such reminders"). The Court will, however, require that the parties meet and confer and come to an agreement on the form and content of the reminder notice, as well as the timing of when the notice will be sent.

IT IS SO ORDERED.

Dated: June 22, 2017

                                           _____
                                           KANDIS A. WESTMORE
                                           United States Magistrate Judge

---

[1] While the change to the notice to include a link to Docusign was not substantive, Plaintiffs' unilateral action without prior notice to Defendants or the Court is concerning.

2