UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al., | Case No. 15-cv-04080-KAW |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF TO INCLUDE LINK TO DOCUSIGN** |
| OPEN DOOR MARKETING, LLC, et al., | Re: Dkt. No. 196 |
| Defendants. | |

On April 27, 2017, the Court granted in part and denied in part Plaintiffs' motion to expand the collective action to include individuals who signed an arbitration agreement, limiting the expansion to individuals in California. (Dkt. No. 178 at 25.) The parties were ordered to meet and confer on an appropriate notice for these individuals. (*Id.* at 25-26.) The parties then stipulated to the form of the notice, but had two disputes over the notice process, namely: (1) whether Plaintiffs should be required to hire a third-party administrator to administer the notice, and (2) whether Plaintiffs were permitted to send a reminder notice. (Dkt. No. 189 at 1.) On June 22, 2017, the Court permitted Plaintiffs' counsel to administer the notice rather than hiring a third-party administrator, and allowed Plaintiffs to send a reminder notice. (Dkt. No. 193.) The Court warned, however, that Plaintiffs "may not unilaterally alter the notice to the collective action in **any** way, unless they have obtained approval from Defendants and/or the Court. Failure to comply may result in the Court requiring future notices to be sent by a third-party administrator." (*Id.* at 2.)

On July 5, 2017, Plaintiffs filed the instant motion for administrative relief, seeking leave to include a link to DocuSign on the notice to be sent via e-mail to the expanded collective. (Plfs.' Mot., Dkt. No. 196.) Defendant 2020 Communications, Inc. timely opposed. (Def.'s Opp'n, Dkt.

Having reviewed the parties' filings, the Court GRANTS Plaintiffs' motion to include a link to DocuSign. As previously noted by the Court, the inclusion of a link is not substantive. (Dkt. No. 193 at 2 n.1.) Further, Defendants have not cited any authority that would prohibit the use of DocuSign for obtaining opt-ins to a collective action. While Defendants' cite to *Saechao v. Landry's Inc.* for the proposition that "'digital signatures provided through a third party, Docusign' were akin to 'typed text . . . in lieu of a signature,'" making such signatures invalid when filed as one continuous document without a filers attestation, *Saechao* was in the context of evidentiary objections to declarations of putative class members, used in support of a motion for class certification. No. C 15-815-WHA, 2016 WL 1029479, at *12 (N.D. Cal. Mar. 15, 2016).[1] Here, in contrast, the opt-ins are a request to join in a pending lawsuit. The Court also finds that Defendants have not sufficiently established a risk of fraud or forgery by signing through DocuSign. Absent authority that DocuSign cannot be used to obtain opt-ins specifically, the Court will permit Plaintiff to include a link to DocuSign.

The Court will, however, require that Plaintiffs remove any language from the linked to website that was not approved by the Court and/or Defendants. According to Defendants, when they clicked on the link, they were directed to a website that "thanked" people for their interest and referred to 2020 as the only Defendant in the case. (Miller Decl. ¶ 4, Dkt. No. 198-1.) Such additional language is inappropriate; the linked website should only contain the consent form agreed to by the parties.[2] While Plaintiffs appear to argue that the Court cannot dictate communications between Plaintiffs' counsel and individuals after they click on the link, the Court

---

[1] Defendants' remaining authority is also unpersuasive. *Piper v. RGIS Inventory Specialists, Inc.* did not address the matter of electronic signatures, only pointing to a 1962 Illinois case that a typewritten document containing an individual's name but no signature -- electronic or otherwise -- was not a valid consent. No. C-07-32 (JCS), 2007 WL 1690887, at *7 (N.D. Cal. June 11, 2007). *Harris v. Vector Marketing Corp.* is distinguishable because there, the notice and consent form were mailed to individuals, not e-mailed, thus minimizing the burden on individuals to mail back a paper opt-in. 716 F. Supp. 2d 835, 846-47 (N.D. Cal. 2010). Further, it is unclear if the plaintiffs had proposed the use of DocuSign or a similar program to opt in, rather than simply permitting individuals to e-mail back an opt-in.

[2] The only exception is information that an individual needs to provide in order to use the website, such as a place to input a name and e-mail address, if necessary.

United States District Court
Northern District of California

disagrees. The act of clicking on the link does not itself create an opt-in; the individual must still fill out, sign, and submit the consent form before they will be deemed to have opted in.[3] Thus, the Court still retains authority to control the language that will be presented to the individuals during the opt-in process. Plaintiffs must either remove all extraneous language, or receive approval from Defendants and/or the Court.

The Court notes that this is the third time the Court has been required to admonish Plaintiffs about modifying notices or procedures without permission. (Dkt. Nos. 123 at 1-2; Dkt. No. 193 at 2.) If Plaintiffs attempt to again modify the notice procedure without approval, the Court may require the use of a third-party administrator for future notices, at the expense of Plaintiffs' counsel.

IT IS SO ORDERED.

Dated: July 11, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] An individual could, for example, click the link to review the consent form, and then decide that they will not fill out or submit the form because they do not want to participate.