UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN DOOR MARKETING, LLC, et al.,<br><br>Defendants. | Case No. 15-cv-04080-KAW<br><br>**ORDER RE JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 256, 257 |

Plaintiffs Shikwana Jennings and Lisa Drake filed this putative class and collective action against Defendants 20/20 Communications, Inc. ("20/20"), Open Door Marketing, LLC ("Open Door"), Larry Clark, and Jerrimy Farris, alleging violations of the Fair Labor Standards Act ("FLSA") and various California labor laws. (Fourth Amended Compl. ("FAC") ¶¶ 1-2, Dkt. No. 195.) On December 21, 2017, the parties filed two discovery letters regarding the named Plaintiffs' responses to Defendant 20/20's Request for Productions ("RFPs") and interrogatories. (Dkt. Nos. 256. 257.)

The parties' dispute concerns settlement communications between Plaintiffs' counsel and Defendants Clark and Farris, in which those parties sought to settle the claims against Defendants OPM, Clark, and Farris in exchange for relevant testimony and documents. (*See* Dkt. No. 256 at 1; Dkt. No. 257 at 2.) Plaintiffs have since produced documents setting forth the terms of an agreement, as well as approximately 44,500 pages of documents Plaintiffs received from Defendants Clark and Farris. (*Id.*) Plaintiffs have not, however, produced "communications between Mr. Clark, Mr. Farris, or their attorney with Plaintiffs regarding settlement." (*Id.*) These communications appear to be the heart of the parties' dispute.

Having reviewed the parties' joint discovery letters, the Court requires supplemental

1  briefing. Accordingly, the parties are ORDERED to meet and confer, and to file a joint discovery
2  letter, by **February 5, 2018**, addressing the following topics:

3  First, Plaintiffs do not appear to substantively respond to Defendant 20/20's line of cases
4  concerning whether the Ninth Circuit recognizes a broad settlement privilege under Federal Rule
5  of Evidence 408. (*See* Dkt. No. 256 at 3; Dkt. No. 257 at 3.) For example, the Ninth Circuit has
6  stated that "Rule 408 is designed to ensure that parties may make offers during settlement
7  negotiations without fear that those same offers will be used to establish liability should settlement
8  efforts fail," but that "[w]hen statements made during settlement are introduced for a purpose
9  unrelated to liability, the policy underlying the Rule is not injured." *Rhoades v. Avon Prods.*, 504
10 F.3d 1151, 1161-62 (9th Cir. 2007). While Plaintiffs point to cases such as *Lobatz v. U.S. West*
11 *Cellular of California, Inc.*, 222 F.3d 1142 (9th Cir. 2000), which found that settlement
12 communications were not discoverable absent evidence of collusion, this line of cases appears to
13 apply in the limited situation where an objector challenges a class or shareholder settlement.
14 Plaintiffs do not identify any cases in which evidence of collusion is required outside of this
15 context, or otherwise address cases such as *Rhoades*.

16 Second, Defendant 20/20 asserts that discovery of the settlement communications is
17 necessary because it "[o]bviously . . . places the credibility and bias of Plaintiffs, Clark, Ferris [sic]
18 and ODM witnesses at issue." (Dkt. No. 256 at 3; Dkt. No. 257 at 3.) The Court disagrees that
19 this connection is "obvious" and requires a fuller explanation of why discovery of the settlement
20 communications is relevant to bias and credibility. Otherwise, if the Court finds that this
21 discovery is harassing or disproportionate to the needs of the case, the Court may exercise its
22 discretion not to permit this discovery even if such settlement communications fall outside the
23 scope of Rule 408.

24 Finally, the parties should address whether Defendant 20/20's stated use for the settlement
25 communications might be prohibited. For example, in *Elia v. Roberts*, in which the defendants
26 sought to introduce settlement communications to demonstrate bad faith, the district court
27 acknowledged that, "[i]n other circumstances, courts have found that the question of bad faith can
28 be so intertwined with the underlying issue of liability that the general prohibition should apply."

Case No. 1:16-cv-557 AWI EPG, 2017 WL 4844296, at *9 (E.D. Cal. Oct. 25, 2017); *see also Weems v. Tyson Foods, Inc.*, 665 F.3d 958, 967 (8th Cir. 2011) ("Because Weems' issue of Tyson's bad faith is inseparable from the issue of liability, Rule 408(a) prohibits admission of the agreement in this case").

        The Court SETS a hearing on the parties' discovery dispute for **February 15, 2018** at **11:00 a.m.**

        IT IS SO ORDERED.

Dated: January 24, 2018

*[signature]*
KANDIS A. WESTMORE
United States Magistrate Judge