UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN DOOR MARKETING, LLC, et al.,<br><br>Defendants. | Case No. 15-cv-04080-KAW<br><br>**ORDER REGARDING JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 256, 257, 264 |

Plaintiffs Shikwana Jennings and Lisa Drake filed this putative class and collective action against Defendants 20/20 Communications, Inc. ("20/20"), Open Door Marketing, LLC ("Open Door"), Larry Clark, and Jerrimy Farris, alleging violations of the Fair Labor Standards Act ("FLSA") and various California labor laws. (Fourth Amended Compl. ("FAC") ¶¶ 1-2, Dkt. No. 195.) On December 21, 2017, the parties filed two discovery letters regarding the named Plaintiffs' responses to Defendant 20/20's Request for Productions ("RFPs") and interrogatories. (Dkt. Nos. 256. 257.) On February 5, 2018, the parties filed supplemental briefing concerning the applicability of the settlement privilege under Federal Rule of Evidence 408. (Dkt. No. 264.)

Having considered the papers filed by the parties, the relevant legal authority, and the arguments advanced by counsel at the February 15, 2018 discovery hearing, the Court GRANTS Defendant 20/20's request to compel production of documents and DENIES Defendant 20/20's request to compel answers to its interrogatories.

**I. BACKGROUND**

The parties' dispute concerns settlement communications between Plaintiffs' counsel and Defendants Clark and Farris, in which those parties sought to settle the claims against Defendants Open Door, Clark, and Farris in exchange for testimony and documents. (*See* Dkt. No. 256 at 1; Dkt. No. 257 at 2.) Defendant 20/20 seeks the communications to show that Defendants Clark's

and Farris's testimony was influenced by the proposed settlement, thus affecting their credibility. (Dkt. No. 264 at 2.)  In response to Defendant 20/20's discovery requests, Plaintiffs have produced documents setting forth the terms of a settlement agreement, as well as approximately 44,500 pages of documents Plaintiffs received from Defendants Clark and Farris.  (Dkt. No. 256 at 2; Dkt. No. 257 at 2.)  Plaintiffs have not, however, produced "communications between Mr. Clark, Mr. Farris, or their attorney with Plaintiffs regarding settlement."  (*Id.* (bold omitted).)  These communications are the center of the parties' present dispute.  (*See* Dkt. No. 264 at 2.)

On January 24, 2018, the Court ordered the parties to file supplemental briefing on: (1) whether the Ninth Circuit recognizes a broad settlement privilege under Federal Rule of Evidence 408; (2) why discovery of the settlement communications was relevant to bias and credibility; and (3) whether Defendant 20/20's proposed use for the settlement might be prohibited per *Elia v. Roberts*, Case No. 1:16-cv-557 AWI EPG, 2017 WL 4844296 (E.D. Cal. Oct. 25, 2017) and *Weems v. Tyson Foods, Inc.*, 665 F.3d 956 (8th Cir. 2011).  On February 5, 2018, the parties filed a joint supplemental brief addressing the Court's order.  (Dkt. No. 264.)

## II.  DISCUSSION

### A.  Federal Rule of Evidence 408

Rule 408 states:

> (a) Prohibited Uses.  Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

"Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail," but that "[w]hen statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured." *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007). Numerous courts in this circuit have found that "Rule 408 does not warrant protecting settlement negotiations from discovery. On its face the rule applies to the admissibility of evidence at trial, not whether evidence is discoverable." *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal. 2008); *see also Vondersaar v. Starbucks Corp.*, No. C13-80061 SI, 2013 WL 1915746, at *3 (N.D. Cal. May 8, 2013) ("it is plain that Congress chose to promote this goal in Rule 408 to promote settlements through limits on the *admissibility* of settlement material rather than limits on their *discoverability*. In fact, the Rule on its face contemplates that settlement documents may be used for several purposes at trial, making it unlikely that Congress anticipated that discovery into such documents would be impermissible") (internal quotation and modification omitted); *Williams v. Bridgeport Music Inc.*, Case No. CV 13-6004-JAK (AGRx), 2014 WL 12498232, at *2 (C.D. Cal. July 10, 2014) ("Given that Rule 408 contemplates that a statement during settlement negotiations may become admissible, an absolute privilege against discovery would be inconsistent . . . ."); *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-1198 SVW (SSx), 2010 WL 3955831, at *2 (C.D. Cal. Oct. 8, 2010) ("by its terms, Rule 408 limits the admissibility of settlement agreements, not their discovery"); *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS), 2007 WL 963975, at *3 (N.D. Cal. Mar. 30, 2007) ("The inescapable conclusion that a privilege against disclosure cannot be found in Rule 408. To the contrary, because the Rule anticipates that settlement negotiations may be admissible, a privilege against their discovery would be inconsistent with Rule 26").

Plaintiffs make three arguments for why Rule 408 should apply in this case. First, Plaintiffs argue that information going to the parties' credibility "is explicitly prohibited under Rule 408," relying on Rule 408's prohibition on the use of conduct or statements made in compromise negotiations "'to impeach through a prior inconsistent statement or contradiction.'" (Dkt. No. 264 at 4 (quoting Fed. R. Evid. 408).) It does not appear, however, that Defendant

20/20 seeks to impeach Defendants Farris and Clark by using prior inconsistent statements or contradictions from the settlement negotiations. Rather, Defendant seeks the settlement communications to demonstrate that Defendants Farris and Clark lack credibility by suggesting that their testimony is influenced by an interest in settling the claims against them. (Dkt. No. 264 at 2.) Plaintiffs do not suggest that this use would be prohibited, and indeed, courts have permitted settlement documents to be used to attack credibility. *See Brocklesby v. United States*, 767 F.2d 1288, 1293 (9th Cir. 1985) (holding that indemnity agreement could be used to attack the credibility of the defendants' witnesses); *Gunchick v. Fed. Ins. Co.*, No. CV 14-1162 RSWL (PJWx), 2015 WL 1781467, at *2 (C.D. Cal. Apr. 20, 2015) (finding that Rule 408 did not prohibit settlement evidence to be used to attack the plaintiff's credibility).

Second, Plaintiffs argue that the cases cited by Defendant 20/20 regarding the discoverability of settlement communications are patent cases, and therefore not applicable to this case. (Dkt. No. 264 at 4.) The Court disagrees. Courts outside the patent context have permitted the discovery of settlement communications. *See Vondersaar*, 2013 WL 1915746, at *3 (permitting discovery of settlement materials in an Americans with Disabilities Act class action); *Williams*, 2014 WL 12498232, at *2 (permitting discovery of settlement materials in copyright infringement case). Further, Plaintiffs offer no persuasive reason why the discoverability of settlement communications should be limited to patent cases, and the plain language of Rule 408 does not suggest that patent cases should be treated differently from any other case. *See also Phoenix Sols., Inc.*, 254 F.R.D. at 583 ("[b]ecause this discovery issue is not one that occurs in the unique context of patent litigation, and because settlement discussions are themselves not a substantive patent law issue, the court finds that the law of the Ninth Circuit sets the standard to evaluate the adequacy of the asserted privilege").

Finally, Plaintiffs assert that cases such as *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142 (9th Cir. 2000), should control in this case. (Dkt. No. 264 at 4.) As the Court noted in its supplemental briefing order, these cases required evidence of collusion before allowing discovery of settlement communications, in the limited context of an objector challenging a class or shareholder settlement. (Dkt. No. 261 at 2.) Plaintiff acknowledges that

4

these cases concern the denial of an "objector's request for discovery of settlement communications," but argues that Defendant 20/20 is like an objector because it is looking to invalidate the settlement agreement between third parties. (Dkt. No. 264 at 5.) Again, the Court disagrees. Defendant 20/20 does not seek discovery of settlement communications to challenge the settlement itself; Defendant 20/20 seeks such discovery to challenge the credibility and veracity of any testimony obtained as a result of that settlement.

Thus, the Court concludes that Rule 408 does not apply to shield discovery of the settlement communications between Plaintiffs and Defendants Clark and Farris.[1]

### B. Court's Inherent Authority to Control Discovery

Plaintiffs argue that "the Court should use its [broad] discretion to control discovery to deny 20/20's attempt to compel their production." (Dkt. No. 264 at 4 (internal quotation omitted).) The district court has wide discretion in controlling discovery." *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) (internal quotation omitted). Per Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the disclosure or discovery . . . ."

Here, Defendant 20/20 seeks discovery of the settlement communications to impeach the credibility of Defendants Clark and Farris because "[t]o the extent Plaintiffs did offer dismissal to Clark, Farris and/or Open Door in exchange for testimony, this raises the concern that Clark, Farris and/or both were (or will be) influenced in their testimony to say what Plaintiffs' [sic] wanted (or want) to hear in order to get out of the case." (Dkt. No. 264 at 2.) At the hearing, Defendant 20/20 also explained that it was concerned that Plaintiff was obtaining other substantive information from Defendants Clark and Farris, including informal testimony.

Given the particular circumstances of this case, the Court declines to use its inherent power to control the discovery at this juncture. This is not a situation where the defendants are seeking

---

[1] Plaintiffs do not argue that the Court should prohibit disclosure of the settlement communications for the reasons set forth in *Elia* or *Weems*, conceding that the "underlying communications do not relate to [the] substance of this case." (Dkt. No. 264 at 5 n.6.)

information about a settlement in another matter; instead, Defendant 20/20 is seeking information on a settlement brokered between its co-defendants and Plaintiffs, in which Plaintiffs have agreed to drop claims against the co-defendants in exchange for information and evidence that maybe used against Defendant 20/20. Defendant 20/20 has a specific interest in understanding the terms of the agreement, the information and evidence being exchanged, and the communications that resulted in that exchange, as it affects Defendant 20/20's ability to respond to the information and evidence when presented in this case. In short, the settlement communications at issue in this case directly impact the merits of the case and Defendant 20/20's defenses.

For those reasons, the Court GRANTS Defendant 20/20's request that Plaintiffs produce documents that are responsive to the RFPs at issue. The Court, however, DENIES Defendant 20/20's request that Plaintiff respond to the interrogatories. These interrogatories require that Plaintiffs identify discussions between Plaintiffs (and/or Plaintiffs' representatives, including counsel) and Defendants Farris and Clark. (Dkt. No. 257 at 1.) Plaintiffs, however, do not have personal knowledge of communications between Plaintiffs' counsel and Defendants Farris and Clark because they did not personally participate in these discussions. (*Id.* at 4.) Thus, any information they do have is derived from communications with counsel, thus implicating the attorney/client privilege. In light of the Court requiring Plaintiffs to produce documents that are responsive to the RFPs at issue, the Court finds that the interrogatories are potentially redundant and/or would affect attorney/client privilege.

### III.　　CONCLUSION

For the reasons stated above, the Court GRANTS Defendant 20/20's request to compel production responsive to its RFPs and DENIES Defendant 20/20's request to compel responses to its interrogatories regarding the settlement communications between Plaintiffs and Defendants Clark, Farris, and Open Door.

IT IS SO ORDERED.

Dated: March 12, 2018

KANDIS A. WESTMORE
United States Magistrate Judge