1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS CONDE, et al.,

Plaintiffs,

v.

OPEN DOOR MARKETING, LLC, et al.,

Defendants.

Case No. 15-cv-04080-KAW

**ORDER REQUIRING SUPPLEMENTAL BRIEFING**

Re: Dkt. No. 297

The Court has reviewed Plaintiffs' motion for settlement approval, and hereby orders Plaintiffs to provide a supplemental brief regarding the following issues. The supplemental brief should be filed no later than **August 6, 2018** at **12:00 p.m.**

### A. Number of Opt-In Plaintiffs

It is unclear how many opt-in Plaintiffs are affected by the Settlement Agreement. The motion for settlement approval states there are 177 individuals, whereas the Settlement Agreement and Plaintiffs' notice to the opt-in Plaintiffs state there are 160 individuals. (Plf.'s Mot. for Settlement Approval at 3, Dkt. No. 297; Liss-Riordan Decl., Exh. A ("Settlement Agreement") ¶ 6; Liss-Riordan Decl., Exh. B at 1.) Plaintiffs shall clarify the number of opt-in Plaintiffs.

### B. Calculation of Workweeks

The settlement will be allocated based on the number of weeks worked. (Settlement Agreement ¶ II.D.5.) Specifically, Plaintiffs' counsel will calculate the number of weeks each opt-in Plaintiff claims to have worked for Defendants in California and Nevada. Each week worked in Nevada shall count as one "share," and each week in California shall constitute two "shares." (Settlement Agreement ¶ II.D.5.a.) The total number of shares will be calculated. (Settlement Agreement ¶ II.D.5.b.) The total shares that each individual opt-in Plaintiff shall then be divided

by the total number of shares to determine the percent of the net settlement amount to which the individual is entitled to. (Settlement Agreement ¶ II.D.5.c-d.) Plaintiffs must explain why the California weeks are being doubled.

### C. Released Claims

The Settlement Agreement defines "Released Claims" as "the wage and hour claims, known or unknown, that could be asserted under the Fair Labor Standards Act [("FLSA")] or any state law, as defined in Section III A . . . ." (Settlement Agreement ¶ 11.) Section III.A, however, states that the released claims shall be any claims that were pled or "could have been pled in Plaintiffs' Fourth Amended Collective and Class Action Complaint based on the factual allegations in that complaint, including but not limited to any claims under state or federal statutes or common law regarding the payment of wages . . . ." (Settlement Agreement ¶ III.A.) This suggests a broader release than the wage and hour claims only. Plaintiffs shall confirm that the Settlement Agreement is limited to wage and hour claims as to the opt-in Plaintiffs who are not named Plaintiffs.

### D. Reasonableness of the Settlement

Plaintiffs estimate the maximum liability in this case to be $511,379.05 (excluding civil penalties under California's Private Attorneys General Act ("PAGA")). (Plf.'s Mot. for Settlement Approval at 3.) The $125,000 settlement amount is 24.4% of the full verdict value. In order for the Court to determine whether this amount is "a fair and reasonable resolution of a bona fide dispute," the Court requires further information. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

First, Plaintiff must explain how maximum liability was calculated, sufficient for the Court to determine that this number is a reasonable estimate of Defendants' potential liability.

Second, the Court requires further information on the litigation risks faced by Plaintiffs with respect to the outside salespeople exemption under both the FLSA and the California Labor Code. Specifically, Plaintiffs point to decisions in *Vasto v. Credico (USA) LLC*, 15 Civ. 9298 (PAE), 2017 WL 4877424 (S.D.N.Y. Oct. 27. 2017) and *Dailey v. Just Energy Marketing Corp.*, Case No. 14-cv-2012-HSG, 2015 WL 4498430 (N.D. Cal. July 23, 2015), but provide no analysis

2

1    of how the facts of the instant case compare to those cases.  Without such information, the Court

2    cannot determine if the 75% discount is warranted.  Plaintiffs must explain how the outside

3    salespeople exemptions would apply to the facts of the instant case.

4    **E.    Non-Disclosure Requirements**

5    The Settlement Agreement provides that the parties and their counsel shall not discuss the

6    litigation or settlement with any person, except in limited circumstances.  (Settlement Agreement ¶

7    V.)  In *Gonzalez-Rodriguez v. Mariana's Enterprises*, the district court found that "[t]he weight of

8    authority holds that the FLSA does not support confidentiality provisions in settlement

9    agreements.  To further Congressional intent of 'private-public' rights under the FLSA, numerous

10   courts have determined that confidentiality provisions in FLSA settlement agreements do not

11   further resolution of a bona fide dispute between the parties."  Case No. 2:15-cv-152-JCM-PAL,

12   2016 WL 3869870, at *4 (D. Nev. July 14, 2016).  The district court thus refused to approve a

13   confidentiality provision.  *Id.*  The district court also noted that "as a practical matter, the provision

14   was rendered unenforceable when the parties elected to file the settlement agreement in the public

15   record and publicly disclosed the terms of the settlement agreement in the joint motion."  *Id.*

16   In light of *Gonzalez-Rodriguez* and the authority cited therein, and the fact that the

17   settlement agreement has already been filed on the public record, Plaintiffs must explain whether

18   the non-disclosure provision should be forced

19   **F.    Binding Effect on California**

20   Plaintiffs state that the "release shall be equally binding on the State of California, and

21   shall preclude it from seeking to recover civil penalties from 2020 with respect to any violation of

22   the California Labor Code arising out of such allegations."  (Plf.'s Mot. for Settlement Approval at

23   10.)  Plaintiffs shall clarify whether this is limited to the PAGA claims only.  (*See* Settlement

24   Agreement ¶ III.C ("This release shall be equally binding on the State of California, and shall

25   preclude it from seeking to recover civil penalties from Defendant with respect to any Released

26   PAGA Claim.").)

27   ///

28   ///

3

1    Additionally, Plaintiffs shall state whether they received any response from the California

2    Labor Workforce Development Agency regarding the PAGA settlement.

3            IT IS SO ORDERED.

4    Dated: July 27, 2018

5    _____
     KANDIS A. WESTMORE
     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California