UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al., | Case No. 15-cv-04080-KAW |
| Plaintiffs, | |
| v. | **AMENDED ORDER REQUIRING SUPPLEMENTAL BRIEFING** |
| OPEN DOOR MARKETING, LLC, et al., | Re: Dkt. No. 297 |
| Defendants. | |

The Court has reviewed Plaintiffs' motion for settlement approval, and hereby orders Plaintiffs to provide a supplemental brief regarding the following issues.[1] The supplemental brief should be filed no later than **August 8, 2018** at **12:00 p.m.**

### A. Number of Opt-In Plaintiffs

It is unclear how many opt-in Plaintiffs are affected by the Settlement Agreement. The motion for settlement approval states there are 177 individuals, whereas the Settlement Agreement and Plaintiffs' notice to the opt-in Plaintiffs state there are 160 individuals. (Plf.'s Mot. for Settlement Approval at 3, Dkt. No. 297; Liss-Riordan Decl., Exh. A ("Settlement Agreement") ¶ 6; Liss-Riordan Decl., Exh. B at 1.) Plaintiffs shall clarify the number of opt-in Plaintiffs.

### B. Calculation of Workweeks

The settlement will be allocated based on the number of weeks worked. (Settlement Agreement ¶ II.D.5.) Specifically, Plaintiffs' counsel will calculate the number of weeks each opt-in Plaintiff claims to have worked for Defendants in California and Nevada. Each week worked in Nevada shall count as one "share," and each week in California shall constitute two "shares."

---

[1] This order supersedes the July 27, 2018 order requiring supplemental briefing. (Dkt. No. 301.)

(Settlement Agreement ¶ II.D.5.a.) The total number of shares will be calculated. (Settlement Agreement ¶ II.D.5.b.) The total shares of each individual opt-in Plaintiff shall then be divided by the total number of shares to determine the percent of the net settlement amount to which the individual is entitled to. (Settlement Agreement ¶ II.D.5.c-d.) Plaintiffs must explain why the California weeks are being doubled.

### C. Released Claims

The Settlement Agreement defines "Released Claims" as "the wage and hour claims, known or unknown, that could be asserted under the Fair Labor Standards Act [("FLSA")] or any state law, as defined in Section III A . . . ." (Settlement Agreement ¶ 11.) Section III.A, however, states that the released claims shall be any claims that were pled or "could have been pled in Plaintiffs' Fourth Amended Collective and Class Action Complaint based on the factual allegations in that complaint, including but not limited to any claims under state or federal statutes or common law regarding the payment of wages . . . ." (Settlement Agreement ¶ III.A.) This suggests a broader release than the wage and hour claims only. Plaintiffs shall confirm that the Settlement Agreement is limited to wage and hour claims as to the opt-in Plaintiffs who are not named Plaintiffs.

Additionally, "[c]ourts in this district routinely reject FLSA settlements when the scope of the release goes beyond the overtime claims asserted in the complaint." *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, Case No. 13-cv-5456-HSG, 2016 WL 153266, at \*5 (N.D. Cal. Jan. 13, 2016) (collecting cases); *see also Daniels v. Aeropostale W., Inc.*, Case No. 12-cv-5755-WHA, 2014 WL 2215708, at \*4 (N.D. Cal. May 29, 2014) (rejecting release that would release all claims, known or unknown, based on the alleged facts arising out of or relating to the facts alleged in the operative complaint . . . ."); *Siezak v. City of Palo Alto*, Case No. 16-cv-3224-LHK, 2017 WL 2688224, at \*4 (N.D. Cal. June 22, 2017) ("A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself"). Here, the settlement would, at least, release all wage and hour claims that could have been pled in the operative complaint based on the factual allegations in that complaint. (Settlement Agreement ¶ III.A.) Plaintiffs must explain how the Court can approve the settlement when the release is broader than the FLSA claims pled.

2

### D. Reasonableness of the Settlement

Plaintiffs estimate the maximum liability in this case to be $511,379.05 (excluding civil penalties under California's Private Attorneys General Act ("PAGA")). (Plf.'s Mot. for Settlement Approval at 3.) The $125,000 settlement amount is 24.4% of the full verdict value. In order for the Court to determine whether this amount is "a fair and reasonable resolution of a bona fide dispute," the Court requires further information. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

First, Plaintiff must explain how maximum liability was calculated, sufficient for the Court to determine that this number is a reasonable estimate of Defendants' potential liability.

Second, the Court requires further information on the litigation risks faced by Plaintiffs with respect to the outside salespeople exemption under both the FLSA and the California Labor Code. Specifically, Plaintiffs point to decisions in *Vasto v. Credico (USA) LLC*, 15 Civ. 9298 (PAE), 2017 WL 4877424 (S.D.N.Y. Oct. 27. 2017) and *Dailey v. Just Energy Marketing Corp.*, Case No. 14-cv-2012-HSG, 2015 WL 4498430 (N.D. Cal. July 23, 2015), but provide no analysis of how the facts of the instant case compare to those cases. Without such information, the Court cannot determine if the 75% discount is warranted. Plaintiffs must explain how the outside salespeople exemptions would apply to the facts of the instant case.

### E. Non-Disclosure Requirements

The Settlement Agreement provides that the parties and their counsel shall not discuss the litigation or settlement with any person, except in limited circumstances. (Settlement Agreement ¶ V.) In *Gonzalez-Rodriguez v. Mariana's Enterprises*, the district court found that "[t]he weight of authority holds that the FLSA does not support confidentiality provisions in settlement agreements. To further Congressional intent of 'private-public' rights under the FLSA, numerous courts have determined that confidentiality provisions in FLSA settlement agreements do not further resolution of a bona fide dispute between the parties." Case No. 2:15-cv-152-JCM-PAL, 2016 WL 3869870, at *4 (D. Nev. July 14, 2016). The district court thus refused to approve a confidentiality provision. *Id.* The district court also noted that "as a practical matter, the provision was rendered unenforceable when the parties elected to file the settlement agreement in the public

3

record and publicly disclosed the terms of the settlement agreement in the joint motion." *Id.*

In light of *Gonzalez-Rodriguez* and the authority cited therein, and the fact that the settlement agreement has already been filed in the public record, Plaintiffs must explain whether the non-disclosure provision should be enforced.

### F. Binding Effect on California

Plaintiffs state that the "release shall be equally binding on the State of California, and shall preclude it from seeking to recover civil penalties from 2020 with respect to any violation of the California Labor Code arising out of such allegations." (Plf.'s Mot. for Settlement Approval at 10.) Plaintiffs shall clarify whether this is limited to the PAGA claims only. (*See* Settlement Agreement ¶ III.C ("This release shall be equally binding on the State of California, and shall preclude it from seeking to recover civil penalties from Defendant with respect to any Released PAGA Claim.").)

Additionally, Plaintiffs shall state whether they received any response from the California Labor Workforce Development Agency regarding the PAGA settlement, and if so, what response was received.

### G. Dismissal of Class Action Claims

The settlement agreement requires that Plaintiff Jennings dismiss the Rule 23 claims of the putative California class members without prejudice. "Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismissal of class actions." *Gonzalez v. Fallanghina, LLC*, Case No. 16-cv-1832-MEJ, 2017 WL 1374582, at *4 (N.D. Cal. Apr. 17, 2017). This applies to pre-certification classes as well. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Thus, where parties seek to voluntarily dismiss class claims, the court must inquire into possible prejudice from:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.* Plaintiffs must address the *Diaz* factors, and explain whether voluntary dismissal of the class

4

claims is appropriate in this case, citing to relevant legal authority.  Additionally, Plaintiffs must address whether "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."  Fed. R. Civ. P. 23(e); *see also Diaz*, 876 F.2d at 1408.

IT IS SO ORDERED.

Dated: July 31, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge