UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CONDE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OPEN DOOR MARKETING, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-04080-KAW<br><br>**ORDER REGARDING MOTION FOR SETTLEMENT APPROVAL**<br><br>Re: Dkt. No. 297 |

  Plaintiffs Shikwana Jennings and Lisa Drake filed this putative class and collective action against Defendants 20/20 Communications, Inc. ("20/20"), Open Door Marketing, LLC ("Open Door"), Larry Clark, and Jerrimy Farris, alleging violations of the Fair Labor Standards Act ("FLSA") and various California labor laws. (Fourth Amended Compl. ("FAC") ¶¶ 1-2, Dkt. No. 195.) On August 16, 2018, the Court held a hearing on Plaintiffs' unopposed motion for settlement approval, which seeks to settle the claims of Plaintiffs and the 176 individuals who opted in to the collective action. (Plfs.' Mot. for Settlement Approval, Dkt. No. 297; Dkt. No. 308.)

  Having considered the papers filed by the parties, the relevant legal authority, and the arguments advanced by counsel, the Court intends to deny the motion for settlement approval. While the parties addressed most of the Court's concerns, including the scope of Section V of the Settlement Agreement and Release, the Court continues to have concerns that the proposed release is overbroad. Specifically, the parties seek to release any wage and hour claims that were raised or could have been raised in the operative complaint. As noted by the Court, however, courts in this district "routinely reject FLSA settlements when the scope of the release goes beyond the overtime claims asserted in the complaint." *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, Case No. 13-cv-

5456-HSG, 2016 WL 153266, at *5 (N.D. Cal. Jan. 13, 2016) (collecting cases); *see also Daniels v. Aeropostale W., Inc.*, Case No. 12-cv-5755-WHA, 2014 WL 2215708, at *4 (N.D. Cal. May 29, 2014) (rejecting release that would release all claims, known or unknown, based on the alleged facts arising out of or relating to the facts alleged in the operative complaint . . . ."); *Slezak v. City of Palo Alto*, Case No. 16-cv-3224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) ("A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself"); *Gonzalez v. Fallanghina, LLC*, Case No. 16-cv-1832-MEJ, 2017 WL 1374582, at *6 (N.D. Cal. Apr. 17, 2017) (approving the FLSA settlement only after the parties "agreed to narrow the release subject to court approval to the claims at issue in the [operative complaint]").

At least one district court has rejected a FLSA settlement that would release any and all claims for wage payment that were raised or could have been raised in the complaint. *Otey v. CrowdFlower, Inc.*, Case No. 12-cv-5524-JST, 2014 WL 1477630, at *7 (N.D. Cal. Apr. 15, 2014). There, the district court found that the release went "beyond the scope of the present litigation to include any and all claims for wage payments that either were raised or that could have been raised, and it further states that the claims itemized in the release are illustrative but not exhaustive." *Id.* (internal quotation omitted). Here, the release is similar to that in *Otey*, as it would release claims that were or could have been alleged in the Fourth Amended Complaint. (Liss-Riordan Decl., Exh. A ("Settlement Agreement") ¶ III.A, Dkt. No. 297-1.) The Settlement Agreement also lists various types of claims that would be released, but states that those claims are not exhaustive. (*Id.*)

At the hearing, Defendant 20/20 distinguished *Otey* by pointing to *Selk v. Pioneers Memorial Healthcare District* as a case where the district court approved a settlement that released claims not pled in the complaint because additional consideration was given to the California opt-in plaintiffs.[1] *See* 159 F. Supp. 3d 1164 (S.D. Cal. 2016). A careful reading of *Selk*, however, does not suggest that this settlement released claims outside of the complaint. Indeed, in

---

[1] Defendant 20/20 also cited to *Walsh v. CorePower Yoga LLC*, Case No. 16-cv-5610-MEJ, 2017 WL 589199 (N.D. Cal. Feb. 14, 2017). As Defendant 20/20 acknowledged, however, this was a class action lawsuit, and the district court applied the class action standard in reviewing the release language. *See id.* at *10.

discussing the scope of the release provision, the district court explained that "when a FLSA settlement provides that opt-in members will receive unpaid wages and related damages, but nothing more, a release provision should be limited to the wage and hour claims *at issue*. [Citation.] Only when opt-in plaintiffs receive *independent consideration*, or provide specific evidence that they fully understand the breadth of the release, will a broad release of claims survive a presumption of unfairness." *Id.* at 1178 (emphasis added). Notably, the district court ultimately found that the release was adequate because "[a]t oral argument, counsel for [Defendant] represented to the court that the release requires waiver of only the wage and hour claims *alleged*, and not unrelated claims." *Id.* (emphasis added). There was no finding by the district court that a release outside of the alleged claims was justified by any additional independent consideration to the California opt-ins. The district court did, however, approve of a separate settlement agreement between the named plaintiff and the defendant, in which the named plaintiff received a separate release payment of $5,500 to enter into a broad release of claims. *Id.* at 1179.

Here, Plaintiffs stated in their supplemental belief that "[t]he parties have agreed to allocate a double share to California workweeks in light of the California state law claims which were asserted in this case, and in recognition of the additional remedies afforded by California law that the Nevada opt-ins would not have been able to obtain." (Plfs.' Supp. Brief at 1, Dkt. No. 303.) In other words, the double share is simply an acknowledgment that the California opt-ins are already entitled to a higher proportion of the settlement because they are releasing California-specific claims that are pled in the complaint itself. This is distinguishable from a showing that any of the opt-in Plaintiffs are receiving independent consideration for the claims that were *not* pled in the operative complaint. Without independent consideration for such claims, and given that the Court has not been able to locate any decision in this district that approved a settlement of the parties' proposed scope, the Court will not approve the settlement agreement as written.[2]

---

[2] There is also no showing that all of the opt-in Plaintiffs fully understood the breadth of the release. At the hearing, Plaintiffs stated that they had informed the opt-in Plaintiffs that the settlement was for federal and state claims. The July 3, 2018 notice, however, does not appear to explicitly state that the opt-in Plaintiffs are giving up claims that were not raised in the lawsuit.

1 Accordingly, the Court ORDERS the parties to file a joint status report, by **September 12, 2018**, stating whether they will limit the scope of the release to the claims asserted in the operative complaint. If the parties are not so inclined, the Court will issue its order denying Plaintiff's motion for settlement approval.

IT IS SO ORDERED.

Dated: August 28, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

(*See* Liss-Riordan Decl., Exh. B.) Even if such information was contained in the notice, the fact that the opt-in Plaintiffs were informed of the provision is not specific evidence that every opt-in Plaintiff understood the significance of the proposed release.

4